UNITED STATES, Appellee

v

JOHN C. CRANE, Sergeant First Class, U. S. Army, Appellant

9 USCMA 437, 26 CMR 217

No. 10,973

Decided July 3, 1958

*Colonel Edward M. O'Connell* and *First Lieutenant William L. Garwood* were on the brief for Appellant, Accused.

*Lieutenant Colonel John G. Lee* and *First Lieutenant Avram G. Hammer* were on the brief for Appellee, United States.

## Opinion of the Court

HOMER FERGUSON, Judge:

We granted review in this case to consider whether the law officer's instructions on constructive knowledge were correct. The accused was tried and convicted of several offenses, including a violation of a lawful general regulation promulgated by the United States Army Training Center, Armor, Fort Knox, Kentucky, by using alcoholic beverages while associating with trainees. The law officer instructed the court-martial that an essential element of the offense of failure to obey a lawful order or regulation in violation of Article 92(2), Uniform Code of Military Justice, 10 USC § 892(2), was that the accused have knowledge of the regulation. He also advised that it was unnecessary for the prosecution to show that the accused had actual knowledge and that proof of constructive knowledge was sufficient. He further explained that constructive knowledge of a matter exists "when the accused, by the exercise of ordinary care, should have known of the matter whether he did so in fact." In addi-

**437**

tion, the law officer instructed that the accused could not be convicted of the offense unless he knew of the regulation but that knowledge on his part could be proved by circumstantial evidence.

The same issue was before this Court in United States v Curtin, 9 USCMA 427, 26 CMR 207. There we held that the instruction on constructive knowledge was erroneous and had no place in a court-martial's deliberations of an Article 92 offense. For the reasons contained in our opinion in that case, the instant conviction cannot stand.

Consequently, the finding of guilt of the specification of Charge II is reversed and the record is returned to The Judge Advocate General of the Army for further action not inconsistent with the disposition ordered in United States v Curtin, supra.

Chief Judge QUINN concurs.

LATIMER, Judge (dissenting):

I dissent for the reasons expressed in my separate opinion in United States v Curtin, 9 USCMA 427, 26 CMR 207, decided this day.